# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

───────────

No. 18-60006

───────────

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2018

Lyle W. Cayce
Clerk

SCOOTER LYNN ROBINSON,

Plaintiff-Appellant,

v.

WARDEN NORRIS HOGANS; VERNELL THOMAS; RAY RICE; MATTHEW NAIDOW; CHRISTOPHER DYKES; RICHARD RICKS; SERGEANT QUINCY DUKES; MARYLIN BRAXTON; NAKIA ANDERSON; REGINA BENDER; JANIE BIRDTAIL; AMY HODGSON; JOSHUA ROBERTS; SIMONE JONES; ROSEMARY COTTON; MARY DEMPSEY; METINA STEELE,

Defendants-Appellees.

───────────────────

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-263

───────────────────

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:

Scooter Lynn Robinson, Mississippi prisoner # L1529, moves for leave to appeal in forma pauperis (IFP) from the dismissal of his civil rights action under 42 U.S.C. § 1983. He named several defendants and alleged constitutional violations arising from incidents at the East Mississippi Correctional Facility where he was imprisoned. The district court granted summary judgment dismissing the action on the ground that Robinson failed

to allege the deprivation of any constitutionally protected interest cognizable in a § 1983 action.

In this court, Robinson merely repeats the allegations of his complaint and thus fails to rebut the defendants' showing that there is no genuine issue of material fact that would preclude granting judgment for the defendants as a matter of law. *See* FED. R. CIV. P. 56(a); *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012); *see also Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (noting that where the moving party has met its initial burden the nonmoving party may not rest on mere allegations but must point to specific facts and explain how they support his position). Because Robinson does not address the district court's reasons for judgment, he thus fails to identify any non-frivolous issue for appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam). His IFP motion is DENIED, and because it is "apparent that an appeal would be meritless," his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761–64 (2015). Robinson is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Robinson is also WARNED that, aside from the three-strikes IFP bar under § 1915(g), frivolous filings will subject him to monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.